IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUES SMITH,<br>    #241778,<br>        PETITIONER,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:24-CV-763-K-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On April 2, 2024, the Court issued a deficiency order requiring Petitioner to file a petition for writ of habeas corpus on the appropriate form and pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. Doc. 4. *See* N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring petitions for writ of habeas corpus on the court-approved form); N.D. Tex. Misc. Ord. 14 (requiring motions to proceed *in forma pauperis* on the court-approved form); 28 U.S.C. § 1914 (requiring $5.00 filing fee for writs of habeas corpus). The deadline for Petitioner's response was May 2, 2024. As of the date of this recommendation, however, he has not responded to the Court's order nor sought an extension of time to do so.

In addition, on April 22, 2024, the deficiency order, which the Clerk of the Court mailed to Petitioner at the Denton County Jail, was returned as undeliverable because he is no longer

confined there. Doc. 5. Petitioner has not provided a current address as of the filing of this recommendation. *See* Doc. 2 (Instructions to pro se party advising: "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. He has also failed to keep the Court informed of his current address as required by the Instructions mailed to him when this case was filed. And the Court need not delay disposition here until Petitioner provides a current address.

Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution.[1] *See* FED. R. CIV. P. 41(b) (an

---

[1] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition and to any other petition that Petitioner may file in this court. *See* 28 U.S.C. § 2244(d). Without an amended habeas petition on the court-approved form, the Court cannot determine when Petitioner's conviction became final for purposes of the one-year statute of limitations or whether he timely filed this action. Thus, it is unclear whether the higher standard for dismissal for want of prosecution would apply here. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). However, because there is a clear record of delay and lack of engagement by Petitioner and no lesser sanction will prompt diligent prosecution of this case, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of some of his claims. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (applying higher standard of review to prisoner civil rights action); *United*

involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on May 22, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

*States v. Bevill*, No. 18-10708, 2021 WL 4995478, at *2 (5th Cir. Oct. 27, 2021) (per curiam) (applying higher standard of review to habeas action under 28 U.S.C. § 2255).

3